IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 27, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**STONERISE HEALTHCARE,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-306**         (JCN: 2024007242)

**KIMBERLY DEWITT,**
**Claimant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Stonerise Healthcare ("Stonerise") appeals the July 24, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Kimberly Dewitt filed a response.[1] Stonerise filed a reply. The issue on appeal is whether the Board erred in granting Ms. Dewitt's petition for attorney fees.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 11, 2023, Ms. Dewitt was seen by Lindsay Weglinski, M.D., who noted that Ms. Dewitt tripped at work on an uneven floor and landed on her left knee, which resulted in medial knee pain and lower back pain.[2] Ms. Dewitt submitted an Employees' and Physicians' Report of Occupational Injury or Disease dated October 11, 2023, indicating that she was injured when she fell on the floor outside of a resident's room. The

---

[1] Stonerise is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq. Ms. Dewitt is represented by William B. Gerwig III, Esq.

[2] Prior to the compensable injury, on May 15, 2013, Ms. Dewitt reported that she fell about six months prior and injured her tailbone and started having trouble with her right leg. A lumbar x-ray showed degenerative joint disease. The diagnosis was pain in low back, hip/groin, and leg. Physical therapy was recommended. On March 28, 2014, Ms. Dewitt reported she tripped on a wheelchair and fell and had bilateral knee pain, right arm pain, and lower back pain. The diagnosis was right hamstring sprain and sprain/strain of lumbar back and hip/thigh.

1

physician's section of the application was completed by Dr. Weglinski and indicated that Ms. Dewitt injured her left knee and back as a result of the occupational injury. Dr. Weglinski identified the diagnoses as contusion of the left knee, and strain of muscle, fascia and tendon of lower back.

An Attending Physician's Report was signed by Dr. Weglinski on October 11, 2023, reflecting that Ms. Dewitt could return to work with limited stooping and bending restrictions. Dr. Weglinski recommended sedentary employment and indicated that Ms. Dewitt would be reevaluated on October 18, 2023. A Workers' Compensation Duty Form was signed by Dr. Weglinski on October 11, 2023, indicating that Ms. Dewitt was able to perform modified duty with no bending/stooping, kneeling, pushing/pulling, standing, walking, lifting or carrying.

On October 16, 2023, Ms. Dewitt followed up with Dr. Weglinski. Ms. Dewitt stated that her knee was improving, but that she still had some problems, including the underlying meniscus tear. Ms. Dewitt stated that she was back to baseline from before her fall and wanted to return to full duty at work. Dr. Weglinski assessed a contusion of the left knee. On November 8, 2023, Ms. Dewitt was seen by Troy Sedlmeyer, M.D. Ms. Dewitt stated that her knee symptoms were worse. Dr. Sedlmeyer assessed a contusion of the left knee. Ms. Dewitt was seen by Ashley Dolan PA-C on December 18, 2023, and she reported left knee pain, left neck pain, and back pain. PA-C Dolan diagnosed contusion of the left knee and low back strain and indicated that she would refer Ms. Dewitt to an orthopedist.

Ms. Dewitt was seen by UHC Orthopaedics on December 20, 2023, and January 3, 2024. On December 20, 2023, Ms. Dewitt reported complaints of left knee pain after a work injury on October 11, 2023. She stated that she was walking when she suddenly fell on an uneven surface striking both knees on the ground. The left knee took the worst of the fall. She complained of constant sharp pain. She had no other concerns. The assessment was left knee pain; left knee instability; and a positive McMurray test on the left. An MRI of the left knee was ordered. On January 3, 2024, Ms. Dewitt presented for a follow-up after an MRI of the left knee. The assessment was left knee pain and a tear of the left medial meniscus.

On May 7, 2024, the claim administrator issued an order holding the claim compensable for left knee contusion. Low back strain was not addressed in this order. By order dated February 10, 2025, the Board of Review modified the claim administrator's order dated May 7, 2024, to reflect that the claim is compensable for left knee contusion and low back strain.

On March 11, 2025, Ms. Dewitt filed a petition for attorney fees and costs, asserting that the claim administrator unreasonably denied low back strain as a compensable component of the claim. Ms. Dewitt further asserted that the Report of Injury confirmed

2

that she injured her left knee and back and Dr. Weglinski diagnosed contusion of the left knee and low back strain. Ms. Dewitt states that subsequent medical records confirmed the diagnoses of contusion of the left knee and low back strain. Ms. Dewitt asserted that the claim administrator completely omitted and offered no explanation for not ruling that a low back strain was a compensable condition.

On July 24, 2025, the Board granted Ms. Dewitt's petition for attorney fees. The Board found that the claim administrator's denial of low back strain was unreasonable. Stonerise now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

Stonerise argues that the benefits were not unreasonably denied because the diagnosis of lumbar strain was simply not addressed by the claim administrator at all. Stonerise further argues that an omission by the claim administrator does not equal a denial. Finally, Stonerise argues that Ms. Dewitt had other recourse to get lumbar strain added to the claim and litigation was not necessary. We disagree.

West Virginia Code § 23-5-1(a) states, in part, that the claims administrator "shall promptly review and investigate all claims." Further, subsection (a) states "[w]ith regard to any issue which is ready for a decision, the [claims administrator] shall promptly send the decision to all parties, including the basis of its decision."

3

West Virginia Code § 23-2C-21(c) (2022) provides:

Upon a determination by the Office of Judges, or by the Board of Review upon the termination of the Offices Judges, that a denial of compensability, a denial of an award of temporary total disability, or a denial of an authorization for medical benefits was unreasonable, reasonable attorney's fees and the costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer which issued the unreasonable denial. A denial is unreasonable if, after submission by or on behalf of the claimant, of evidence of the compensability of the claim, the entitlement to temporary total disability benefits or medical benefits, the private carrier or self-insured employer is unable to demonstrate that it had evidence or a legal basis supported by legal authority at the time of the denial which is relevant and probative and supports the denial of the award or authorization. Payment of attorney's fees and costs awarded under this subsection will be made to the claimant at the conclusion of litigation, including all appeals, of the claimant's protest of the denial.

West Virginia Code of State Rules § 102-1-18.1 (2022) provides:

Pursuant to W. Va. Code §23-2C-21(c), if a denial of compensability, a denial of an award of temporary total disability, or a denial of an authorization for medical benefits is determined by the Board of Review to be unreasonable, then reasonable attorney fees and costs actually incurred in the process of obtaining a reversal of the denial shall be awarded to the claimant and paid by the private carrier or self-insured employer, whichever issued the unreasonable denial. The Offices of the Insurance Commissioner, and its third-party administrators, are not specifically included in the statute and are, therefore, not subject to this process.

Here, the Board found that:

[t]he claim administrator's order, which addressed one diagnosis listed on the Report of Injury and failed to address the other diagnosis listed on the Report of Injury, resulted in a denial of benefits. The claim administrator caused litigation without justification. The claim administrator had no legal or factual basis to support the failure to include low back strain as a compensable condition in the claim.

The Board noted Stonerise's argument that some medical records following the injury do not list a back diagnosis. However, the Board found that those medical records did not

refute the initial provider's opinion that Ms. Dewitt suffered a lower back strain as a result of the occupational injury. Thus, the Board found that:

> [b]ased upon the facts as they existed at the time of the May 7, 2024, order, and the applicable law, it is found that the claim administrator's failure to include low back strain as a compensable component of the claim was unreasonable within the meaning of W. Va. Code § 23-2C-21(c).

Upon review, we conclude that the Board was not clearly wrong in finding that the claim administrator's failure to address the requested condition of low back strain resulted in a denial of benefits. As West Virginia Code § 23-5-1(a) provides, the claim administrator is required to promptly investigate and issue decision on all issues before it. Further, we conclude that the Board was not clearly wrong in finding that the claim administrator's failure to include low back strain as a compensable component of the claim was unreasonable within the meaning of W. Va. Code § 23-2C-21(c). As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in granting Ms. Dewitt's petition for attorney's fees and costs.

Accordingly, we affirm the Board's July 24, 2025, order.

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

5